IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>for the use and benefit of,<br><br>WOODS' FIREPROOFING, INC.<br>21100 WEST LIBERTY RD.<br>PARKTON, MARYLAND 21120<br><br>      Claimant,<br><br>v.<br><br>GRANITE RE, INC.<br>14001 QUAILBROOK DRIVE<br>OKLAHOMA CITY, OKLAHOMA 73134<br><br>      Serve on:<br><br>      Granite RE, Inc.<br>      Attn: Joyce Holliday<br>      14001 Quailbrook Drive<br>      Oklahoma City, Oklahoma 73134<br><br>and<br><br>EBG CONSTRUCTION, INC.,<br> a/k/a ENVIROBATE GLOBAL, INC.,<br> d/b/a ENVIROBATE GLOBAL<br>707 EDGEWOOD STREET, N.E.<br>WASHINGTON, D.C. 20017-3341<br><br>      Serve on:<br><br>      George Clark, Resident Agent<br>      1301 K St., NW Ste. 1100-East Tower<br>      Washington, DC 20005 3317<br><br>and<br><br>GREG RICHARDSON,<br>as "SURVIVING TRUSTEE" FOR | Civil Action No._____ |

178846 v. (10721.00001)

| | |
|---|---|
| **EBG CONSTRUCTION, INC.,** | } |
| **707 EDGEWOOD STREET, N.E.** | } |
| **WASHINGTON, D.C. 20017-3341** | } |
| | } |
| Defendants. | } |
| | } |

## COMPLAINT

The United States of America, for the use and benefit of Woods' Fireproofing, Inc. (hereafter as "**Claimant**") hereby sues the Defendant EBG Construction, Inc., a/k/a Envirobate Global, Inc. and d/b/a Envirobate Global (hereinafter as "EBG" or "**General Contractor**"), and its surety Granite RE, Inc. (hereafter as "**Granite**"), and alleges that it is entitled to relief upon the following facts:

### PARTIES AND JURISDICTION

1. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 3133(b)(1) of the Miller Act, codified as 40 U.S.C. §§3131 *et seq.*, as the Claimant's claims against the General Contractor, and Granite arise from the non-payment by those defendants under a payment bond supplied in conjunction with the General Contractor's supply of labor and materials issued pursuant to a Federal construction and procurement contract.

2. Exclusive venue lies in this District under the authority of 40 U.S.C. §3133(b)(3)(B), since the Federal construction project that gives rise to this action was located in Washington, D.C., a *situs* located within this judicial District.

3. Upon information and belief, Defendant EBG is a corporation that was organized and existing under the laws of the District of Columbia or Virginia, with principal offices located

at the address first set forth above in Washington, D.C. Its corporate registration status in the District of Columbia is currently "revoked."

4. Claimant is informed and therefore believes that Greg Richardson, as the former Vice President of EBG, is the surviving trustee, receiver or assignee of EBG, pursuant to D.C. Code § 29-221.18 (2006).

5. Upon information and belief, Defendant Granite is a compensated corporate surety and insurance company incorporated in the State of Oklahoma, which acted as surety on a performance and payment bond supplied by the General Contractor under its contract for construction that is the subject of this lawsuit.

6. The Claimant is a corporation organized and existing under the laws of the State of Maryland, with its principal office and place of business located at the address first set forth above in Parkton, Maryland.

### FACTS COMMON TO ALL COUNTS

7. The facts and allegations of the preceding paragraphs are adopted and incorporated as set forth in their entirety herein.

8. General Contractor entered into a term Contract ("**Contract**") with the United States General Services Administration ("GSA") (hereinafter as "**Owner**") to furnish labor, materials, and services, and to perform work as required on the New Executive Office Building ("NEOB"), located in Washington, D.C. (hereinafter as the "**Project**").

9. As required by the Miller Act, General Contractor as Principal, and Defendant Granite, as Surety, supplied a payment bond, believed to be identified as Bond Number GRMN22022a (the "Payment Bond") for the protection of the Owner and those class of persons

178846 v. (10721.00001)

3

described under the Miller Act that supplied labor, materials and equipment to the Project. Defendant Granite RE has been asked to provide a copy of the Payment Bond, however Claimant has not yet received a copy of the document.

10. Pursuant to the Payment Bond, and by statute, EBG and Granite jointly and severally guaranteed that certain payment obligations would be satisfied.

11. In conjunction with its Contract to perform the Project, EBG solicited and accepted a Proposal from Claimant, thereby entering into an agreement whereby Claimant assumed to perform certain tasks related to spray-on fireproofing on the bonded project(s). A copy of Claimant's Proposal and its approved invoices for the Project work are attached hereto as Exhibit A.

12. The total value of the goods and services supplied by Claimant to the Project is $9,700.00, which goods and services have been accepted by the General Contractor and Owner.

13. Despite EBG's approval of the work, demands for payment made upon the Defendants by the Claimant for the full amount of $9,700.00 owed and due have been denied.

14. In compliance with the requirements of the Miller Act, 40 U.S.C. §3133(b)(2), Claimant provided written notice of non-payment to Granite by letter dated March 24, 2005, and numerous other letters thereafter, and all other conditions precedent to bringing this action against these defendants have been satisfied by the Claimant. A true and accurate copy of Claimant's demand letters, including its March 24, 2005 notice letter to Granite are attached hereto as Exhibit B.

## COUNT I: Action on Payment Bond
## (As To EBG and Granite)

15. The facts and allegations of the preceding paragraphs are adopted and incorporated herein as set forth in their entirety.

16. EBG and Granite, by issuance of the Payment Bond, each agreed to be bound jointly and severally for the payment to all claimants "having a direct contract with the Principal or with a subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract," as identified on the Payment Bond and pursuant to the Miller Act.

17. EBG has breached its obligations of payment by failing, *inter alia*, to pay Claimant the amounts stated above as being due and owed under the Subcontract.

18. Claimant is justly due payments in the total amount of $9,700.00 from the General Contractor EBG, and upon the failure of the General Contractor to make such payments, this action under the Payment Bond against General Contractor and Granite is permitted.

19. Claimant supplied goods and services to the Project beginning in January 2005 through February 18, 2005.

20. In compliance with the Miller Act, the Subcontractor (Claimant) has filed this action in the period of more than ninety (90) days since its last day of work, but less than one (1) year from the date when Claimant last performed its contract work on the Project.

21. Claimant has satisfied any and all conditions precedent for the bringing and maintenance of this action, or such conditions have occurred, or have been waived by General Contractor and its Surety.

WHEREFORE, Woods' Fireproofing, Inc. prays this Honorable Court enter:

a) A money judgment in its favor and against EBG and Granite jointly and severally under the Bond in the principal amount of $9,700.00; and

b) Prejudgment interest on the unpaid principal sum from the date shown due until the date judgment is entered in this action at the highest rate allowable by law; and

c) For its costs in bringing this action, including such relief as allowed by law; and

d) For all other damages which Claimant might prove at trial of this action.

## COUNT II
### (Breach Of Contract As To EBG)

22. The facts and allegations of the preceding paragraphs are adopted and incorporated herein as set forth in their entirety.

23. Pursuant to its Subcontract with EBG, Claimant supplied labor and materials on the Project. The Owner and the General Contractor approved and accepted such goods and services.

24. EBG, also trading as "EnviroBate Global," has failed and intentionally refused to pay Claimant for the goods and services supplied and accepted under the Subcontract. Such failure constitutes a breach of the Subcontract between EBG and Claimant, for which EBG a/k/a EnviroBate Global is liable.

25. As a direct and proximate result of the foregoing breach of contract, Claimant has been damaged in the sum not less than $9,700.00 plus accrued interest.

WHEREFORE, Woods' Fireproofing, Inc., prays this Honorable Court enter:

a) A money judgment in its favor and against EBG Construction, Inc. and

178846 v. (10721.00003)

6

Envirobate Global, Inc., jointly and severally, in the principal amount of $9,700.00; and

    b)    Prejudgment interest on the unpaid principal sum from the date shown due until the date judgment is entered in this action at the highest rate allowable by law; and

    c)    For its costs in bringing this action, including such relief as allowed by law; and

    d)    For all other damages which Claimant might prove at trial of this action.

_____
Howard S. Stevens, D.C. Bar No. #466924
WRIGHT, CONSTABLE & SKEEN, LLP
One Charles Center, 16th Floor
100 North Charles St.
Baltimore, MD  21201
Telephone:  410/659-1300
*Attorneys for Woods' Fireproofing, Inc.*