IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** } <br>     for the use and benefit of, } <br> } <br> **WOODS' FIREPROOFING, INC.** } <br> } <br>     **Plaintiff,** } <br> } <br> v. } <br> } <br> **GRANITE RE, INC., et al.** } <br> } <br>     **Defendants.** } <br> _____} | Civil Action No._____ |

## STATUS REPORT

The use plaintiff Woods' Fireproofing, Inc., by its attorneys, provides this Status Report in response to the Court' Order for Status Report dated June 27, 2006.

1. This is a Miller Act claim for payment of $9,700 brought by the Plaintiff/Subcontractor against Granite Re, Inc. ("Granite") (a commercial surety on a payment bond), EBG Construction, Inc. (the corporate bond principal), and Greg Richardson (alternatively as the surviving trustee of the corporate bond principal to the extent that such principal has been dissolved or forfeited.)

2. On or about February 7, 2006 the Court docketed this matter as a new filing and the Writs of Summons were issued thereafter.

3. On February 14, 2006, in compliance with Fed. R. Civ. P. 4(d), Plaintiff issued letters to the Defendants requesting that each waive service of process in the action.

184639 v. (10721.00001)

4. In late February or early March 2006, Plaintiff' counsel received a telephone message from a claims representative for Defendant Granite Re, Inc., Ms. Joyce Holliday, concerning Granite's receipt of the Request for Waiver of Service.

5. Plaintiff's Counsel has been corresponding with Ms. Holliday about this claim during the preceding year prior to the time of filing the action.

6. On March 8, 2006 Plaintiff's counsel responded to Ms. Holliday by telephone message and in writing, indicating that Granite had a period of thirty (35) days to elect whether or not to waive service of process.

7. On or about April 10, 2006 Plaintiff's counsel received a letter from an attorney in Minneapolis, Minnesota, Mr. David H. Gregerson, whom identified himself as counsel for Granite in this matter.  He denied any amount owing and due, but did not provide the waiver of process form enclosed with Plaintiff's February 14, 2006 transmittal.

8. Plaintiff responded to Mr. Gregerson by letter dated April 11, 2006 and had further communications with Mr. Gregerson by e-mail on April 14, 2006.  The correspondence concerned the waiver request, Granite's denial of any liability, and suggested that Plaintiff was open to discussing settlement since the case was only $9,700.

9. Plaintiff did not receive any further correspondence from Granite, nor has Plaintiff been able to locate a valid address for either Defendant EGB or Richardson.

10. Begging in the end of April, Plaintiff's counsel had to dedicate his time to

preparing for an arbitration scheduled for May 15, 2006, and anticipated to last at least three (3) full weeks.

11. Currently, Plaintiff's counsel has not obtained service of process on either of the Defendants, and despite Fed. R. Civ. P. 4(d), and the identification by Mr. Gregerson that he is Counsel for this matter, Granite insists on Plaintiff taking formal steps to effectuate personal service of process.

12. Plaintiff intends to pursue this matter actively and requests that the Writs of Summons previously issued for all Defendants be reissued or extend.

WHEREFORE, Woods' Fireproofing, Inc. prays this Honorable Court enter:

a) Reissue the Writs of Summons for the Defendants in this matter or otherwise extend them; and

b) Hold the matter open for a period of at least sixty (60) days to permit Plaintiff to establish service of process on one or more of the Defendants.

/s/ Howard S. Stevens
Howard S. Stevens, D.C. Bar No. #466924
WRIGHT, CONSTABLE & SKEEN, LLP
One Charles Center, 16th Floor
100 North Charles St.
Baltimore, MD  21201
Telephone:  410/659-1300
*Attorneys for Woods' Fireproofing, Inc.*

184639 v. (10721.00001)