UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>for the use and benefit of<br>WOODS' FIREPROOFING, INC.,<br><br>        Claimant,<br>v.<br><br>GRANITE RE, INC., *et al.*<br><br>        Defendants. | Case No. 1:06-cv-00216-PLF |

## ANSWER

Defendant, Granite RE ("Granite"), by its undersigned counsel, hereby answers the Complaint of Plaintiff/Claimant, the United States of America for the use and benefit of Woods' Fireproofing, Inc. ("Plaintiff" or "Woods"), and states as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's alleged claim against Granite.

### SECOND DEFENSE

The Court lacks personal jurisdiction over Granite.

### THIRD DEFENSE

Plaintiff has filed its action in the improper venue.

### FOURTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### FIFTH DEFENSE

Plaintiff has failed to join necessary parties.

## SIXTH DEFENSE

With respect to the numbered averments contained in the Complaint, and to the extent said averments concern Defendant, Granite, it avers as follows:

1. Granite denies the averments in paragraph 1 of Plaintiff's Complaint.

2. Granite denies the averments in paragraph 2 of Plaintiff's Complaint.

3. Granite is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 3 of Plaintiff's Complaint.

4. Granite is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 4 of Plaintiff's Complaint.

5. Granite admits that it is a corporation authorized to transact business as a surety and insurance company in various states and the District of Columbia, admits that it is incorporated in Oklahoma and denies the remaining averments in paragraph 5 of Plaintiff's Complaint.

6. Granite is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 6 of Plaintiff's Complaint.

7. Granite incorporates by reference its answers to paragraphs 1-6 of Plaintiff's Complaint as if fully restated herein.

8. Granite is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 8 of Plaintiff's Complaint.

9. Granite denies the averments in paragraph 9 of Plaintiff's Complaint.

10. Granite denies the averments in paragraph 10 of Plaintiff's Complaint.

11. The documents attached as Exhibit A to Plaintiff's Complaint speaks for themselves and no response is required except that Granite is without sufficient information or knowledge to form a belief as to the truth of whether the invoices were ever "approved." To the extent that any

response is required and with respect to the other averments in paragraph 11 of Plaintiff's Complaint, Granite denies the averments.

12. Granite is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 12 of Plaintiff's Complaint.

13. Granite is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 13 of Plaintiff's Complaint that EBG approved Plaintiff's work and has failed to pay Plaintiff and denies that Granite owes Plaintiff any monies.

14. Granite admits receiving the documents identified as Exhibit A to Plaintiff's Complaint and denies the remaining averments in paragraph 14 of Plaintiff's Complaint.

### COUNT I: Action on Payment Bond
### (As to EBG and Granite)

15. Granite incorporates by reference its answers to paragraphs 1-14 of Plaintiff's Complaint as if fully restated herein.

16. Granite denies the averments in paragraph 16 of Plaintiff's Complaint.

17. Granite is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 17 of Plaintiff's Complaint.

18. Granite is without sufficient information or knowledge to form a belief as to the truth of whether EBG owes Plaintiff any monies and denies the remaining averments in paragraph 18 of Plaintiff's Complaint.

19. Granite is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 19 of Plaintiff's Complaint.

20. Granite denies the averments in paragraph 20 of Plaintiff's Complaint.

21. Granite denies the averments in paragraph 21 of Plaintiff's Complaint.

## COUNT II
### (Breach of Contract As to EBG)

22. Granite incorporates by reference its answers to paragraphs 1-22 of Plaintiff's Complaint as if fully restated herein.

23. Granite is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 23 of Plaintiff's Complaint.

24. Granite is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 24 of Plaintiff's Complaint.

25. Granite is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 25 of Plaintiff's Complaint.

### SEVENTH DEFENSE

Granite denies any averments not specifically admitted herein.

### EIGHTH DEFENSE

Plaintiff's claims are barred because its claim does not fall within the coverage provided by any Bond underwritten by Granite.

### NINTH DEFENSE

Granite did not provide a Bond covering the alleged labor, materials and/or services Plaintiff provided to the project in question.

### TENTH DEFENSE

If Granite did issue a Bond covering the work in question, which fact Granite expressly denies, Plaintiff's claims are barred by its failure to satisfy conditions precedent to recovery under the terms of Granite's Bond.

## ELEVENTH DEFENSE

If Granite did issue a Bond covering the work in question, which fact Granite expressly denies, Plaintiff's claims are barred or reduced by its failure to comply with the terms and conditions of the Bond.

## TWELTH DEFENSE

Plaintiff's claims are barred or reduced by its failure to comply with the terms and conditions of the Subcontract or Purchase Order.

## THIRTEENTH DFENSE

If Plaintiff has suffered the damages as alleged, which fact Granite expressly denies, then all such damages were caused by persons or parties other than Granite, including Plaintiff, without any breach by Granite contributing thereto.

## FOURTEENTH DEFENSE

If Plaintiff suffered the damages alleged, which fact Granite expressly denies, then such damages resulted from other causes and further reasons for which Granite is not responsible.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation and/or applicable contractual limitations.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred or reduced by its failure to mitigate damages.

## EIHTEENTH DEFENSE

Plaintiff's claims are barred by laches.

## NINETEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## TWENTIETH DEENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by payment.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by release.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## TWENTY-FOURTH DFEENSE

If it is determined that Granite did provide a Bond covering the work that Woods' allegedly provided, which fact Granite expressly denies, Granite incorporates by reference all the defenses asserted and/or otherwise available to EBG Construction, Inc., its Principal.

## TWENTY-FIFTH DEFENSE

If it is determined that Granite did provide a bond covering the work that Woods' allegedly provided, which fact Granite expressly denies, Woods' claim is barred, because the coverage period of the Bond expired prior to Woods performing the alleged work forming the basis of its claim.

## TWENTY-SIXTH DEFENSE

Granite reserves the right to assert other defenses that become known to it throughout the course of discovery in this matter.

**WHEREFORE**, Granite RE, Inc. respectfully requests:

1. That the Complaint be Dismissed with Prejudice;

2. That judgment be entered in favor of Granite RE, Inc. as to all Counts and Claims against Granite RE, Inc. contained in the Complaint;

3. That the Court deny the relief sought by Plaintiff in the Complaint;

4. That Plaintiff recover nothing from Granite RE, Inc.; and

5. That Granite RE, Inc. have and be awarded such additional relief as the Court may find just and proper.

Respectfully submitted,

_____/s/_____
Christopher J. Heffernan
DC Bar No. 34930
Eric G. Korphage
DC Bar No. 483144
Niles, Barton & Wilmer, LLP
111 South Calvert Street, Suite 1400
Baltimore, MD  21202-6185
(410) 783-6300
*Counsel for Defendant, Granite RE, Inc.*