Wright, Constable & Skeen, L.L.P. | Attorneys at Law
One Charles Center, 16th Floor · 100 North Charles Street · Baltimore, Maryland 21201-3812 · Phone: 410-659-1300 · Toll Free: 1-888-894-7602 · Fax: 410-659-1350

HOWARD S. STEVENS*
Writer's Direct Dial / Email:
(410) 659-1309 / HStevens@wcslaw.com

October 27, 2006

*Via e-filing only*

Hon. Paul L. Friedman
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re:   **Woods Fireproofing, Inc. v. Granite RE, Inc. et al.**
      **Case: 06-0216 (PLF)**

Dear Judge Friedman:

Please allow this letter to serve as Plaintiff and Defendant Granite Re, Inc.'s response to the Court's Minute Order concerning Local Rule 16.3. Counsel for both parties, who are well acquainted with each other, conferred this week and agreed upon the issues set forth below. Please keep in mind that these responses are based upon the understanding that the value of this case is less than $10,000, but that this court has exclusive jurisdiction pursuant to the Miller Act.

Items discussed include:

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

*Yes. This case may likely to be disposed of by a dispositive motion. However, discovery will most likely proceed in advance of any party filing a dispositive motion.*

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

*Thirty days- October 27, 2006*

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

*Yes. This matter should be assigned to a magistrate judge for all purposes.*

189066 v. (10721.00001)

Page 2
October 27, 2006
RE:    **Case: 06-0216 (PLF)**

(4) Whether there is a realistic possibility of settling the case.

*Yes. Amount in dispute is less then $10,000. If initial discovery weighs in favor of plaintiff then settlement discussions will be pursued in good faith. If initial discovery weighs in favor of Granite, Re, Inc. then voluntary dismissal will be likely.*

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

    (i)    the client's goals in bringing or defending the litigation;

    (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement

    (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

        (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information;

        and

        (bb) whether ADR should take place before or after the judicial resolution of key legal issues;

    (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

    (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

*After initial, limited discovery occurs and any dispositive motions are resolved, some very limited ADR may be appropriate.*

v. (.)

Page 3
October 27, 2006
RE: **Case: 06-0216 (PLF)**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

*Possibly. This case may be resolved by a dispositive motion most likely after some or all discovery has taken place.*

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

*Yes. The parties stipulate to dispense with initial disclosures.*

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

*Discovery should take approximately ninety-days. Discovery will be limited to interrogatories, document requests and three depositions total. The parties suggest a January 25, 2006 discovery deadline.*

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

*This is not an expert-driven case.*

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

*Not applicable.*

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

*Not applicable.*

(12) The date for the pretrial conference (understanding that a trial will take place

v. (.)

Page 4
October 27, 2006
RE:   Case:  06-0216 (PLF)

30 to 60 days thereafter).

*Motions deadline:*          *February 23, 2007 (60 days after the close of discovery)*

*Pretrial:*                  *April 27, 2007 (60 days after the motions deadline)*

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

*The Parties would like to wait until the pretrial conference to set a firm trial date.*

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

*Opposing counsel for Plaintiff and defendant Granite Re, Inc. (whom is the only defendant represented by counsel) routinely work together and each seem to appreciate the critical factual issues that either will, or will not, establish the Defendant's liability.  In that context, initial discovery responses will be critical as to whether Plaintiff continues the action against Granite, Re.*

Very truly yours,

Howard S. Stevens

HSS:
c:   Eric G. Korphage, Esq. (via e-mail)
     EBG Construction, Inc. (via mail)

v. (.)